United States District Court
Southern District of Texas

ENTERED
April 29, 2016
David J. Bradley, Clerk

United States Magistrate Court
FILED
APR 29 2016
David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| WERNER ENTERPRISES, INC., § § Plaintiff, § § v. § § PICUS S.A. DE C.V., *et al.*, § § Defendants. § § § | CIVIL ACTION NO. 5:14-CV-104 |

## MEMORANDUM AND ORDER

Defendants filed motions to compel Plaintiff Werner Enterprises, Inc. to respond to nine sets of interrogatories and requests for production ("RFPs"). (Dkts. 39–47). Two matters are before the Court: (1) whether the scope of discovery encompasses Werner's contracts with non-party carriers, and (2) whether Werner must respond at this time to Defendants' contention interrogatories and RFPs.[1]

### Background

On April 20, 2005, Werner and Defendant Picus S.A. de C.V. entered into a contract that authorized Picus to transport Werner's trailers from Mexico to the United States. (Dkt. 16, Attach. 3). Pursuant to the contract, Picus assigned to other Defendants its duty to move cargo across the United States/Mexico border. (*Id.* at 6).

This lawsuit concerns seven tequila shipments that originated in Jalisco, Mexico. A non-party carrier, Transportes Innovativos ("Innovativos"), transported the cargo from Jalisco to Nuevo Laredo, Mexico. (Mtn. Hr'g 2:20). In Nuevo Laredo, one or more Defendants received the cargo and then moved it across the border. Werner alleges that in Laredo, Defendants

---

[1] The parties have resolved the other matters at issue in Defendants' motions to compel. (Mtn. Hr'g 2:09; Apr. 20, 2016 Hr'g 1:31–33).

diverted the cargo and stole large quantities of tequila. Werner asserts claims for breach of contract, conversion, conspiracy to commit conversion, and racketeering.

### Werner's Contracts with Non-Party Carriers

Defendants seek "any and all contracts or agreements . . . related to the specific trailers at issue in the Lawsuit from the time they entered Mexico until each crossed the border into the United States." (Dkt. 40, RFP 5; Dkt. 42, RFP 5; Dkt. 44, RFP 5; Dkt. 47, RFPs 1–9).[2] Werner has agreed to produce its contract with Innovativos, the carrier that transported the subject cargo from Jalisco to Nuevo Laredo. (Mtn. Hr'g 2:20, 2:35). Werner objects, however, that its contracts with carriers that did not handle the subject cargo are not relevant to this action.

The Federal Rules of Civil Procedure authorize "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Parties may discover information even if it is not admissible in evidence. *Id.* A court must limit discovery if it finds that the proposed discovery falls outside the scope of Rule 26(b)(1). *Id.* 26(b)(2)(C)(iii). In resolving discovery motions, a magistrate judge holds "broad discretion." *A.M. Castle & Co. v. Byrne*, 2015 WL 4756928, at *1 (S.D. Tex. Aug. 12, 2015).

The parties' claims and defenses aim to establish liability for the lost tequila. Defendants argue that Werner's contracts with non-party carriers may shed light on the liability issue because: (1) "[t]he basis of Werner's suit is that the [Werner-Picus contract] holds Picus liable for those trailers it transports within Mexico;" (2) "Picus however, never transported any of the trailers carrying the Cargo;" and (3) the companies that did transport the cargo may have entered

---

[2] Picus requests "any and all agreements between Werner and [Innovativos], regarding the matters at issue in the lawsuit." (Dkt. 46, RFP 22).

2 / 5

into similar contracts with Werner. (Dkt. 46 at 4). In asserting points (1) and (2), Defendants implicitly recognize that even if Werner and a non-party carrier entered into a similar contract, the non-party would not be liable for cargo that it never transported. Moreover, motor carriers generally do not assume liability for cargo that they never controlled.

The Court finds that the parties' claims and defenses implicate only carriers that transported the subject cargo. Werner has agreed to produce its contracts with such carriers. To the extent that Defendants seek Werner's contracts with other carriers, the Court **SUSTAINS** Werner's relevance objections.[3] Fed. R. Civ. P. 26(b)(2)(C)(iii).

## Contention Requests

Defendants ask the Court to compel Werner to respond to several sets of contention requests. (Dkt. 39, Interrogs. 1–4, 9, 11; Dkt. 41, Interrogs. 1–3, 5, 7; Dkt. 43, Interrogs. 1–3, 5, 7; Dkt. 45, Interrogs. 12–18; Dkt. 47, RFPs 10–16). One such request reads: "If you contend that [Defendant] Autotransportes entered into a conspiracy to commit conversion, describe the facts upon which you rely in support of this contention." (Dkt. 39 at 17). Defendants' other contention requests read similarly. Werner objects that these requests are "premature in that discovery has not been substantially completed." (*Id.*).

The Federal Rules of Civil Procedure provide that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). When used correctly, "contention interrogatories can be most useful in narrowing and

---

[3] The Federal Rules of Civil Procedure require a party to disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The Court assumes that Werner has complied with this requirement.

sharpening the issues." *Hendricks v. Mirabilis Ventures, Inc.*, 2008 WL 423566, at *1 (M.D. Fla. Feb. 13, 2008). However, "[c]ontention interrogatories are too often used at the outset of a litigation to harass the opposition knowing that the responses at that stage will produce little useful information." *In re Checking Account Overdraft Litig.*, 2010 WL 5136043, at *3 (S.D. Fla. Dec. 16, 2010) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 335 (N.D. Cal. 1985)). Premature contention requests are particularly wasteful where, as here, many of them concern the proponents' own conduct. *Id.*

The purpose of discovery is to facilitate the exchange of relevant facts, not to examine the parties' contentions about the facts' legal implications. *Id.*; *see* Fed. R. Civ. P. 26, Adv. Comm. Notes (1983) ("The purpose of discovery is to provide a mechanism for making relevant information available to the litigants."); *Convergent Techs.*, 108 F.R.D. at 338 ("Discovery initially is expected to focus on developing *evidence*."). For this reason, in a case's early stages "courts generally are reluctant to rule definitively [on] motions under Rules 12(b)(6), 12(c), or 56." *Convergent Techs.*, 108 F.R.D. at 338. Likewise, before litigants have exchanged "substantial documentary or testimonial discovery," courts hesitate to compel parties to respond to contention requests. *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992).

Here, the parties have not exchanged substantial documentary or testimonial discovery. Rather, Werner intends to conduct "quite a few depositions" (Apr. 20, 2016 Hr'g 1:38), and alleges that Defendants have not responded fully to its written discovery requests (Dkt. 55). Counsel for Defendants acknowledged that Werner's counsel "has been very patient" in awaiting responses. (Apr. 20, 2016 Hr'g 1:41). Because the parties have not yet exchanged substantial discovery, Werner need not respond to Defendants' contention requests at this time. Fed. R. Civ. P. 33(a)(2).

## Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motions to compel Werner to produce its contracts with non-party carriers, (Dkts. 40, 42, 44, 47), and **DENIES** without prejudice Defendants' motions to compel Werner to respond to their contention requests. (Dkts. 39, 41, 43, 45, 47). The Court **DENIES AS MOOT** Picus' motion to compel Werner to produce its contract with Transportes Innovativos. (Dkt. 46).

SO ORDERED.

SIGNED this 29th day of April, 2016.

_____
GUILLERMO R. GARCIA
United States Magistrate Judge